# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR RODRIGUEZ-ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-646-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Julio Cesar Rodriguez-Ortega appeals the 18-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. For the first time on appeal, he challenges the substantive reasonableness of his sentence and argues that it was greater than necessary to satisfy the sentencing goals articulated in 18 U.S.C. § 3553(a). According to Rodriguez-Ortega, U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2, the guideline for the offense of illegal reentry, is not empirically based, overstates the seriousness of a non-violent reentry offense, and effectively double counts a defendant's criminal record. He also argues that his sentence does not account for his personal history and characteristics, including his motives for returning to the United States.

This court assesses the substantive reasonableness of a sentence imposed by the district court for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, a defendant fails to object in the district court to the reasonableness of the sentence, we review for plain error. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Rodriguez-Ortega recognizes that plain error is the applicable standard under these circumstances but argues, to preserve this issue for further review, that no objection was required to preserve a substantive-reasonableness claim for direct appeal.

The district court must correctly calculate the advisory guidelines range and make an individualized assessment based on the facts of the case in light of § 3553(a). *Gall*, 552 U.S. at 49–50. It then must impose a sentence sufficient, but not greater than necessary, to comply with the goals of § 3553(a)(2). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam).

Rodriguez-Ortega argues that we should not apply the presumption of reasonableness to his sentence that was calculated under § 2L1.2 because this guideline is not empirically based; he recognizes, however, that his claim is foreclosed by circuit precedent and raises the issue only to preserve it for further review. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir.

2009). We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529–31, and that the guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (per curiam).

The district court in this case considered Rodriguez-Ortega's personal history and his explanations for illegally reentering the United States before concluding that the applicable guidelines range was reasonable and imposing a sentence within that range. Rodriguez-Ortega has failed to show that his "sentence does not account for a factor that should receive significant weight, [ ] gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing the factors." *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court was in a superior position to find facts and assess their importance under § 3553(a), and this court will not, as Rodriguez-Ortega seems to urge, reweigh the district court's assessment of the § 3553(a) factors. *See Gall*, 552 U.S. at 51–52; *Campos-Maldonado*, 531 F.3d at 339. Rodriguez-Ortega's assertions are insufficient to rebut the presumption of reasonableness. *See Duarte*, 569 F.3d at 529–30; *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

The judgment of the district court is therefore AFFIRMED.